IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DERRICK MANNING,

          Plaintiff,

   vs.

WILLINGBORO CHICKEN LLC,

          Defendant.

2:21-CV-00542-CCW

## MEMORANDUM ORDER DISMISSING CASE WITHOUT PREJUDICE

For the reasons set forth below, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to properly serve the defendant within ninety days of the filing of the complaint.

### I.      Background

The complaint in this case was filed on April 23, 2021, and Plaintiff filed a proof of service alleging that Defendant was served on July 29, 2021. *See* ECF Nos. 1 & 8. On August 26, 2021, the Court issued an order requiring Plaintiff to either show cause why the action should not be dismissed for failure to prosecute, or to request that the clerk enter default, because no answer had been filed. *See* ECF No. 9. In response to the show cause order, Plaintiff filed a motion for default judgment. ECF No. 10. Plaintiff did not request an entry of default prior to filing the motion for default judgment. *See* ECF No. 13.

Upon review of the Plaintiff's motion for default judgment and accompanying certificate of service, ECF No. 10-6, the Court issued another order to show cause as to "(1) whether service was properly effectuated on Defendant in accordance with the Federal Rules of Civil Procedure

and (2) to the extent Plaintiff determines that service was not proper under the Federal Rules of Civil Procedure, to show cause as to why the action should not be dismissed for failure to prosecute under Rule 4(m), or by [September 28, 2021] shall cause Defendant to be served with the Complaint and file proof thereof." ECF No. 12. The Court's show cause order advised Plaintiff that failure to comply with the order may result in dismissal of the case. *Id.*

The show cause order noted that Plaintiff's certificate of service indicated that "on July 29, 2021, Christina Song served Willingboro Chicken LLC d/b/a/ Popeyes Louisiana Kitchen, Inc. - North Versailles 'by serving John Doe, on behalf of said Corporation,' who is described as a person 'WHO REFUSED TO GIVE NAME, PERSON AUTHORIZED TO ACCEPT, who accepted service direct delivery, a Middle Eastern male with an accent.'" *See* ECF No. 12.

The Court also struck the Plaintiff's motion for default judgment as premature because Plaintiff had not sought the clerk's entry of default and because of the Court's order to show cause regarding potentially improper service. ECF No. 13.

On September 21, 2021, Plaintiff responded to the order to show cause, alleging "that Defendant was served properly by process server and prior to 90 days since the filing of the Complaint,"[1] because the process server, in accordance with "Pennsylvania Rule 4(e)(1) deeming service to be proper by New Jersey's Rule 4:4-3(a)," was a "competent individual who does not have a direct interest in litigation." ECF No. 14 ¶¶ 8-11.

---

[1] Plaintiff states that the certificate of service identifies that Defendant was properly served "on July 25, 2021, giving Defendant twenty-one days to respond." ECF No. 14 ¶ 5. This is incorrect. The certificate of service states that the documents to be served were *received by* Christina Song on July 25, 2021, and that such documents were served on Defendant on July 29, 2021. ECF Nos. 8 & 14-3 ("On the 29th day of July, 2021 at 1:22PM… Christina Song, SERVED [Defendant]."). This factual issue is insignificant, because, as explained below, service was improper.

## II.      Legal Standard

To serve a corporation under the Federal Rules, "[u]nless federal law provides otherwise or the defendant's waiver has been filed, … [an] unincorporated association … must be served: (1) in a judicial district of the United States:  (A) in the manner prescribed by Rule 4(e)(1) for serving an individual;  or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant…."  Fed. R. Civ. P. 4(h).

Federal Rule of Civil Procedure 4(h)(1)(A), through its reference to Federal Rule of Civil Procedure 4(e)(1), allows service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made…."  Fed. R. Civ. P. 4(e)(1).  In Pennsylvania, service outside of the Commonwealth must be made in the "manner provided by the law of the jurisdiction in which the service is made for service in an action in any of its courts of general jurisdiction."  231 Pa. Code § 404(3).  Because Defendant is a New Jersey limited liability company, *see* ECF No. 1 ¶ 8, and service was allegedly made in New Jersey, *see* ECF No. 8, the Court will apply New Jersey law with respect to proper service.  Under New Jersey law, service of process upon unincorporated associations, such as a limited liability company, is made by serving a copy of the summons and complaint either (i) in accordance with Rule 4:4-4(a)(1), to the dwelling place or to a person authorized by appointment or by law to receive service of process on the individual's behalf or (ii) to an officer or managing agent.  NJ. Ct. R. 4:4-4(a)(5).  *See also, N.B. Parking Auth. v. Brother Jimmy's Franchising LLC*, Civil Action No. 20-1171 (MAS) (LHG), 2020 U.S. Dist. LEXIS 201807 at *5-6 (D.N.J. Oct. 28, 2020);  *Erwin v. Waller Capital Partners, LLC*, No. 10-cv-03283 (AET), 2010 U.S. Dist. LEXIS 109384 at *14 (D.N.J. Oct. 14, 2010) ("limited liability companies fall under the category of

3

'unincorporated associations' specified in N.J. Ct. R. 4:4-4(a)(5)."); *Uber v. Uber Techs.*, Civil Action No. 20-05156 (FLW)(ZNQ), 2020 U.S. Dist. LEXIS 244471 at *5 (D.N.J. Dec. 30, 2020).

Service on a an entity is improper under the New Jersey Rules of Court if the certificate of service is "[w]ithout any information concerning either the unnamed [person's] authority to accept service, or the [person's] role within Defendants' [entity]." *Khater v. Puzino Dairy Inc.*, Civil Action No. 14-4618 (MCA), 2015 U.S. Dist. LEXIS 106598 at *14-16 (D.N.J. June 22, 2015) (ruling that the Court could not find that Plaintiff effected proper service on Defendant corporation when there was no indication of (i) "the name of the person with whom … the documents [were left]" or (ii) the "unnamed  receptionist's authority to accept service, or the receptionist's role within Defendants' company."); *see also*, *Uber*, 2020 U.S. Dist. LEXIS 244471 at *9-10 (noting that Plaintiff failed to establish that an agent was authorized by appointment or by law to receive service of process on behalf of an LLC defendant); *N.Y. Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co.*, Civil Action No. 10-148 (SRC), 2011 U.S. Dist. LEXIS 55404 (D.N.J. May 24, 2011)  (finding that, in the case of a corporation, service upon simply any corporate employee is insufficient to establish proper service).

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  The District Court must provide Plaintiff with notice and an opportunity to respond before dismissing their claims without prejudice. *See Wallace v. Fed. Emples. of United States Dist. Court*, 325 F. App'x 96, 101 n.6 (3d Cir. 2009).

4

### III.    Analysis

#### a.   Service was improper under the Federal Rules of Civil Procedure

Here, because Plaintiff admits that there is no waiver by the Defendant, ECF No. 14 ¶ 2, Defendant Willingboro Chicken LLC must be served pursuant to Federal Rule of Civil Procedure 4(h).  Following Federal Rule of Civil Procedure 4(e)(1) in applying the Commonwealth of Pennsylvania's rule for service outside of the Commonwealth, *see* 231 Pa. Code § 404(3),[2] the Court will apply New Jersey law in analyzing whether service is proper.

Here, the certificate of service alleges that "John Doe, [was served] on behalf of said Corporation." ECF No. 8.  John Doe is described as a person "WHO REFUSED TO GIVE NAME, PERSON AUTHORIZED TO ACCEPT, who accepted service direct delivery, a Middle Eastern male with an accent." ECF No. 8.  The certificate of service fails to allege that service was made on "an officer or managing agent" pursuant to New Jersey Rules of Court 4:4-4(a)(5).  While the certificate of service states vaguely that "PERSON AUTHORIZED TO ACCEPT," such a statement is insufficient to find that the person served was an officer or managing agent because the certificate did not name the person and did not appropriately identify the person's authority to accept service and their role within the Defendant's corporation.  *See Khater*, 2015 U.S. Dist. LEXIS 106598 at *14-16.

Service also fails under to Federal Rule of Civil Procedure 4(h)(1)(B).  As discussed above, there is no indication on the face of the certificate of service that a copy of the summons and of the complaint was delivered to "an officer, a managing or general agent, or any other agent

---

[2] The Court notes that the other options for service outside of the Commonwealth under 231 Pa. Code § 404, notably service pursuant to Rule 402(a), by mail pursuant to Rule 403, in the manner provided by treaty, or as directed by the foreign authority in response to a letter rogatory or request, are inapplicable here.

authorized by appointment or by law to receive service of process…." *See Uber*, 2020 U.S. Dist. LEXIS 244471 at \*9-10.

### b.  Plaintiff has failed to show good cause

Plaintiff had until July 22, 2021 to properly serve Defendant.  In its September 14, 2021 order to show cause, the Court asked Plaintiff (1) whether service was properly effectuated on Defendant in accordance with the Federal Rules of Civil Procedure and, (2) to the extent Plaintiff determines that service was not proper under the Federal Rules of Civil Procedure, to show cause as to why the action should not be dismissed for failure to prosecute under Rule 4(m).  ECF No. 12. The Court's September 14, 2021 show cause order was prompted by Plaintiff's motion for default judgment because "when a default judgment is requested, a court is required to make a threshold determination regarding any jurisdictional defects."  "A court cannot obtain personal jurisdiction over a party without proper service of process." *D'Onofrio v. Mattino*, 430 F. Supp. 2d 431, 438 (E.D. Pa. 2006) (citing (*Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991)).  In determining "whether it has personal jurisdiction over a defaulting defendant, the court must inquire as to whether there was sufficient service of process." *Id.*

Plaintiff has not shown the required good cause for failure to serve Defendant.  Plaintiff's response to the show cause order only asserted that the process server was "a competent individual who does not have a direct interest in this litigation" but did not explain how the John Doe who allegedly received service was a proper recipient of service of process on behalf of Defendant. *See* ECF No. 14 ¶ 10.  Accordingly, the Court finds that Plaintiff has not shown good cause for the failure to serve Defendant within the time limit provided by Federal Rule of Civil Procedure 4(m).

### IV.    Conclusion

Pursuant to Fed. R. Civ. P. Rule 4(m), this case is dismissed without prejudice.

DATED this 26th day of September, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record